

**GREG COLEMAN LAW PC**
FIRST TENNESSEE PLAZA
800 S. GAY STREET, SUITE 1100
KNOXVILLE, TN 37929

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _6/26/2020_

June 26, 2020

**MEMORANDUM ENDORSED**

VIA ECF

The Honorable Gregory H. Woods
United States District Court Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

> Re:   Consolidation of *Przybylski v. Deva Concepts, LLC*, Case No 1:20-cv-3630-GHW with Related Actions in *In Re: Deva Concepts Products Liability Litigation*, Case No. 1:20-cv-01234-GHW.

Dear Judge Woods:

The parties in the above-referenced matter (the "*Przybylski* Action") submit this letter requesting that the *Przybylski* Action be related and consolidated with *In Re: Deva Concepts Products Liability Litigation*, Case No. 1:20-cv-01234-GHW (the "Consolidated Action"). A Related Case Statement was filed in the *Przybylski* Action on June 5, 2020.

1. <u>**The Reason for the Request that the Court Relate and Consolidate the Przybylski Action**</u>

The Parties have agreed that in the interests of efficiency, consistency, and conservation of resources, the *Przybylski* Action should be consolidated. Plaintiffs in the Consolidated Action allege that plaintiffs and members of the putative class they seek to represent purchased Defendant's shampoo products based upon false representations and that these products cause scalp irritation, excessive shedding, hair loss, thinning, breakage, and/or balding during normal use, and Deva Concepts denies such allegations. All of the individual cases now consolidated before your Honor make similar allegations, name the same defendant, and assert overlapping claims and putative classes. Deva Concepts denies the allegations in the Complaints and that any of the cases would be appropriate for class treatment. The Parties to the *Przybylski* Action have agreed that consolidation is appropriate under these circumstances.

2. <u>**The Basis for the Court's Legal Authority to Consolidate the *Przybylski* Action**</u>

Rule 42(a) of governs "Consolidation" and provides that "if actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The trial court has "broad discretion" to consolidate cases,

which   is especially "commonplace" in "tort actions sharing common questions of law and fact." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) ("considerations of judicial economy favor consolidation"). Here, consolidation is appropriate under Rule 42(a) because the Consolidated Action involve nearly identical factual and legal issues. *See In re Orion Sec. Litig.*, 2008 U.S. Dist. LEXIS 55368, at *6 (S.D.N.Y. July 7, 2008); *see also* Order to Show Cause, Feb. 26, 2020, ECF No. 11, *Dixon v. Deva Concepts, LLC* (No. 1:20-cv-01234-GHW) (recognizing the substantial similarities with other cases filed outside of S.D.N.Y.); Order, Feb. 27, 2020, ECF No. 8, *Ciccia v. Deva Concepts, LLC* (No. 1:20-cv-02047-GHW) (same); Order, Feb. 27, 2020, ECF No. 6, *Schwartz v. Deva Concepts, LLC* (No. 1:20-cv-01234-GHW) (same). Consolidation will promote efficiency and consistent rulings and will conserve resources for the Parties as well as the Court.

Accordingly, the Parties request that the Court consolidate the *Przybylski* Action with Case No. 1:20-cv-01234-GHW. Plaintiffs have met and conferred with counsel for Defendant and Defendant supports this request and consents to this consolidation. We thank the Court for its attention to this matter.

Sincerely,

Rachel Soffin
Greg Coleman Law

Application granted. The Clerk of Court is directed to consolidate this action with 1:20-cv-1234-GHW.

SO ORDERED.
Dated: June 26, 2020

_____
GREGORY H. WOODS
United States District Judge

2